Case 1:19-cr-20214-DPG Document 3 Entered on FLSD Docket 04/18/2019 Page 1 of 16

FILED BY _____ D.C.
APR 18 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. **19-20214-CR-GAYLES/OTAZO-REYES**

18 U.S.C. § 371
18 U.S.C. § 554
18 U.S.C. § 2

UNITED STATES OF AMERICA

v.

ALVARO Y. CORTES,
OLGA L. AYA RODRIGUEZ,
LUIS DAVID CUARTAS GAVIRIA,
JUAN PABLO CUARTAS GAVIRIA,
AQUARIUM MARKETING CORP., and
PLANET EXPRESS CARGO AND COURIER CORP.,

   **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Defendant **PLANET EXPRESS CARGO AND COURIER CORP.** ("**PECC**") was a freight forwarding company incorporated under the laws of the State of Florida, with its principal place of business located at 7354 N.W. 56th Street, Miami, FL 33166.

2. Defendant **ALVARO Y. CORTES**, a resident of the State of Florida, was President of **PECC**, and was engaged in the day-to-day operations of the corporation.

3. **PECC** offered its clients a Door-to-Door delivery service, allowing customers to: a) drop-off shipments at **PECC**'s Miami warehouse; b) have deliveries of shipments destined for Colombia delivered to **PECC**'s Miami warehouse; or c) have **PECC** pick up shipments from

locations throughout South Florida and consolidate them at **PECC**'s Miami warehouse.

4. Defendant **OLGA L. AYA RODRIGUEZ**, a resident of the State of Florida, was Secretary and later the Vice President of **PECC,** and was engaged in the day-to-day business of the company.

5. Defendant **AQUARIUM MARKETING CORP.** was a company incorporated under the laws of the State of Florida, with its principal place of business located at 4615 N.W. 72ND Avenue, Suite 112, Miami FL 33166. In July 2017, **AQUARIUM MARKETING CORP.** applied for and received a U.S. Fish & Wildlife Service ("FWS") Import-Export License under which it was authorized to import and export wildlife, including marine species, from the United States. The company principally was engaged in the wholesale purchase of corals and fish in Florida, for export to Colombia, South America.

6. Defendant **LUIS DAVID CUARTAS GAVIRIA ("LUIS CUARTAS")**, a resident of the State of Florida, was President of **AQUARIUM MARKETING CORP.**, and was engaged in the day-to-day operations of the corporation.

7. Defendant **JUAN PABLO CUARTAS GAVIRIA ("JUAN CUARTAS")**, a resident of the State of Florida, was Vice President of **AQUARIUM MARKETING CORP.**, and was engaged in the day-to-day operations of the corporation.

8. The federal Lacey Act, among other things, made it unlawful for any person to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce, any fish or wildlife, taken, possessed, transported, or sold in violation of any law or regulation of the United States. Title 16, United States Code, Section 3372(a)(1). Further, Section 3372(d), made it unlawful for any person to make or submit any false record, account, or label or any false

identification of any fish, wildlife, or plant which has been, or is intended to be imported, exported, transported, sold, or received from any foreign country or transported in interstate or foreign commerce.

9. The United States was a party to the Convention on the International Trade in Endangered Species of Wild Fauna and Flora ("CITES"). Under CITES, species were protected according to a classification system known as "appendices." Wildlife species listed in Appendix II of CITES (such as certain corals) are species that are not necessarily threatened with extinction, but may become so unless trade is strictly regulated. This regulation takes the form of a requirement for documentation from the country of export or re-export, monitoring of trade, and in a few cases national export quotas.

10. Title 18, United States Code, Section 554 (Smuggling), made it unlawful for anyone to fraudulently or knowingly export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or to receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise prior to exportation, knowing the same to be intended for exportation contrary to a law or regulation of the United States.

### COUNT 1
### Conspiracy
### (18 U.S.C. § 371)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. Beginning at least as early as on or about May 20, 2014, and continuing through on or about December 1, 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ALVARO Y. CORTES,
OLGA L. AYA RODRIGUEZ,
LUIS DAVID CUARTAS GAVIRIA,
JUAN PABLO CUARTAS GAVIRIA,
AQUARIUM MARKETING CORP., and
PLANET EXPRESS CARGO AND COURIER CORP.,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly export fish and wildlife, specifically *Euphyllia spp.* and *Physogyra spp.* corals among others, and multiple species of tropical fish, including angel fish, blue tangs, and gobies, knowing that said fish and wildlife, including corals, were transported and sold in violation of the laws and regulations of the United States, that is, Title 16, United States Code, Sections 3372(a)(1), 3372(d), 3373(d)(1)(A) and Title 18, United States Code, Section 554.

## PURPOSE OF THE CONSPIRACY

3. It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by transporting and exporting in international commerce, quantities of wildlife and fish without first obtaining and possessing required permits issued by the FWS, and without filing the required declarations with FWS reflecting the export of fish and wildlife, including corals, from the United States.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. Co-conspirators filed false descriptions of the contents of parcels presented to the United Parcel Service ("UPS") for delivery from Miami to Colombia, as part of the required documentation for the export of packages containing the fish and wildlife.

5. In order to conceal their activity, **ALVARO Y. CORTES, OLGA L. AYA RODRIGUEZ**, and **PLANET EXPRESS CARGO AND COURIER CORP.** understated the value of shipments of fish and wildlife on accompanying Shipper's Export Declarations required by U.S. Customs and Border Protection, to evade the requirement for utilizing a licensed customs broker to manage the exports.

6. To further conceal their illegal export of fish and wildlife, **ALVARO Y. CORTES, OLGA L. AYA RODRIGUEZ**, and **PLANET EXPRESS CARGO AND COURIER CORP.** masked the physical appearance of boxes containing the fish and wildlife by concealing identifying marks under opaque tape and black plastic wrap.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the purpose thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about May 20, 2014, a co-conspirator purchased marine life subject to Appendix II of CITES from a Miami wholesale dealer.

2. On or about May 20, 2014, **JUAN CUARTAS** delivered marine life subject to Appendix II of CITES to **PECC.**

3. On or about May 20, 2014, **PECC** delivered a shipment to UPS to be exported from the United States to Colombia.

4. On or about May 20, 2014, **PECC** provided a manifest to UPS with respect to a shipment to be exported from the United States to Colombia that falsely declared marine life subject to Appendix II of CITES as "Accesorios de Acuario" ("aquarium accessories").

5. On or about May 20, 2014, **PECC** paid UPS by check number 8789 drawn on **PECC**'s corporate account with respect to a shipment to be exported from the United States to Colombia.

6. On or about November 25, 2014, **JUAN CUARTAS** purchased corals subject to Appendix II of CITES from a Miami wholesale dealer.

7. On or about November 25, 2014, **JUAN CUARTAS** delivered corals subject to Appendix II of CITES to **PECC.**

8. On or about November 25, 2014, **JUAN CUARTAS** paid **PECC** by check number 1021 drawn on the corporate account of **AQUARIUM MARKETING CORP.** for freight forwarding services with respect to a shipment to be exported from the United States to Colombia.

9. On or about November 25, 2014, **PECC** delivered a shipment to UPS to be exported from the United States to Colombia.

10. On or about November 25, 2014, **PECC** provided a manifest to UPS with respect to a shipment to be exported from the United States to Colombia that falsely declared coral in the shipment subject to Appendix II of CITES as "Accesorios de Acuario" ("aquarium accessories").

11.     On or about November 25, 2014, **PECC** paid UPS by check number 9323 drawn on **PECC**'s corporate account with respect to a shipment to be exported from the United States to Colombia.

12.     On or about July 22, 2015, **LUIS CUARTAS** purchased corals and fish subject to Appendix II of CITES from a Miami wholesale dealer and paid for the purchase by check number 1156 drawn on the corporate account of **AQUARIUM MARKETING CORP.**.

13.     On or about July 22, 2015, **JUAN CUARTAS** delivered corals and fish subject to Appendix II of CITES to **PECC.**

14.     On or about July 22, 2015, **JUAN CUARTAS** paid **PECC** by check number 1158 drawn on the corporate account of **AQUARIUM MARKETING CORP.** for freight forwarding services with respect to shipments to be exported from the United States to Colombia.

15.     On or about July 22, 2015, **PECC** made a delivery of shipments to three separate consignees to UPS to be exported from the United States to Colombia.

16.     On or about July 22, 2015, **PECC** provided three manifests to UPS with respect to shipments for three different consignees to be exported from the United States to Colombia, each of which falsely declared coral and fish as "Accesorios de Acuario" ("aquarium accessories").

17.     On or about July 22, 2015, **PECC** paid UPS by check number 9832 drawn on **PECC**'s corporate account with respect to shipments to three separate consignees of commercial goods to be exported from the United States to Colombia.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2 - 6
## Smuggling
## (18 U.S.C. § 554)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates listed below with respect to each count, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ALVARO Y. CORTES,**
**OLGA L. AYA RODRIGUEZ,**
**LUIS DAVID CUARTAS GAVIRIA,**
**JUAN PABLO CUARTAS GAVIRIA,**
**AQUARIUM MARKETING CORP., and**
**PLANET EXPRESS CARGO AND COURIER CORP.,**

did fraudulently and knowingly export from the United States to a place outside thereof, that is Colombia, any merchandise, article, and object, that is, fish and wildlife, and did conceal and facilitate the transportation and concealment of such merchandise, article, and object knowing the same to be contrary to any law and regulation of the United States, that is, Title 16, United States Code, Section 1538(c), and Title 50, Code of Federal Regulations, Parts 23.20 and 23.37:

| COUNT | DATE | CONSIGNEE | CITES SPECIMENS |
|---|---|---|---|
| 2 | 05/20/2014 | D.O. | *Physogyra spp.* |
| 3 | 11/25/2014 | JUAN CUARTAS | *Acanthophyllia spp.* |
| 4 | 07/22/2015 | M.M. | *Physogyra spp.* |
| 5 | 07/22/2015 | J. L. | *Euphyllia spp.* |
| 6 | 07/22/2015 | M. H. R. | *Euphyllia spp.* |

In violation of Title 18, United States Code, Sections 554 and 2.

A TRUE BILL

_____
FOREPERSON

[Sealed Note]
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Thomas A. Watts-FitzGerald
Assistant United States Attorney

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ALVARO Y. CORTES,
OLGA L. AYA RODRIGUEZ,
LUIS DAVID CUARTAS GAVIRIA,
JUAN PABLO CUARTAS GAVIRIA,
AQUARIUM MARKETING CORP., and
PLANET EXPRESS CARGO AND COURIER CORP.,
_____ Defendants. _____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)
- ✓ Miami
- __ FTL
- __ Key West
- __ WPB
- __ FTP

New defendant(s)       Yes ____   No ____
Number of new defendants  ____
Total number of counts    ____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   Yes
   List language and/or dialect   SPANISH

4. This case will take __4__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   | | | |
   |---|---|---|
   | I | 0 to 5 days | ✓ |
   | II | 6 to 10 days | |
   | III | 11 to 20 days | |
   | IV | 21 to 60 days | |
   | V | 61 days and over | |

   (Check only one)
   | | |
   |---|---|
   | Petty | |
   | Minor | |
   | Misdem. | |
   | Felony | ✓ |

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers:   15-3478-WCT
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ____   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ____   No ✓

_____
THOMAS WATTS-FITZGERALD
ASSISTANT UNITED STATES ATTORNEY
FL Bar No. 0273538

*Penalty Sheet(s) attached                                                          REV 8/13/2018

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** ALVARO Y. CORTES

**Case No:** _____

Count #: 1

Conspiracy

Title 18, United States Code, Section 371

**\*Max. Penalty:**     Five (5) Years' Imprisonment

Counts #: 2-6

Smuggling

Title 18, United States Code, Section 554

**\*Max. Penalty:**     Ten (10) Years' Imprisonment As to Each Count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** OLGA L. AYA RODRIGUEZ

**Case No:** _____

Count #: 1

Conspiracy

Title 18, United States Code, Section 371

**\*Max. Penalty:** Five (5) Years' Imprisonment

Counts #: 2-6

Smuggling

Title 18, United States Code, Section 554

**\*Max. Penalty:** Ten (10) Years' Imprisonment As to Each Count
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** LUIS DAVID CUARTAS GAVIRIA

**Case No:** _____

Count #: 1

Conspiracy

Title 18, United States Code, Section 371

**\*Max. Penalty:**      Five (5) Years' Imprisonment

Counts #: 2-6

Smuggling

Title 18, United States Code, Section 554

**\*Max. Penalty:**      Ten (10) Years' Imprisonment As to Each Count
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: JUAN PABLO CUARTAS GAVIRIA

**Case No**: _____

Count #: 1

Conspiracy

Title 18, United States Code, Section 371

**\*Max. Penalty:**     Five (5) Years' Imprisonment

Counts #: 2-6

Smuggling

Title 18, United States Code, Section 554

**\*Max. Penalty:**     Ten (10) Years' Imprisonment As to Each Count
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** AQUARIUM MARKETING CORP.

**Case No:** _____

Count #: 1

Conspiracy

Title 18, United States Code, Section 371

**\*Max. Penalty:** $500,000 Fine

Counts #: 2-6

Smuggling

Title 18, United States Code, Section 554

**\*Max. Penalty:** $500,000 Fine As to Each Count
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: PLANET EXPRESS CARGO AND COURIER CORP.

**Case No**: _____

Count #: 1

Conspiracy

Title 18, United States Code, Section 371

**\*Max. Penalty:**    $500,000 Fine

Counts #: 2-6

Smuggling

Title 18, United States Code, Section 554

**\*Max. Penalty:**    $500,000 Fine As to Each Count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**