UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20214-CR-GAYLES/OTAZO-REYES**

**UNITED STATES OF AMERICA**

**vs.**

**ALVARO Y. CORTES, et al.,**

      **Defendants.**
                                            /

## UNITED STATES' UNOPPOSED MOTION FOR *GARCIA* HEARING

The United States hereby files this Motion for a Hearing Pursuant to Federal Rule of Criminal Procedure 44(c)(2) and *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975).

In the instant matter, permanent appearances have been filed by a single counsel on behalf of defendants Alvaro Y. Cortes, Olga L. Aya Rodriguez, and Planet Express Cargo and Courier Corporation. Further, it is anticipated that counsel for one of the two remaining individual defendants, brothers Luis David Cuartas Gaviria and Juan Pablo Gaviria, will shortly file a permanent appearance on behalf of the final corporate defendant, Aquarium Marketing Corporation. At the various arraignments in this matter, the government noted the pending issue of multiple representation, and assured the respective Magistrate Judges that the appropriateness of a *Garcia* hearing would be raised with this Honorable Court.

A defendant's Sixth Amendment right to effective assistance of counsel is denied when defense counsel has an actual conflict of interest that adversely affects the defendant. *United States v. Rodriguez*, 982 F.2d 474, 477 (11th Cir. 1993). A defendant, however, may waive his right to conflict-free counsel. *Garcia*, 517 F.2d at 276. To be effective, such a waiver must be an

intentional relinquishment or abandonment of a known right.  *Id*.  "The record should show, in some way, that the defendant was aware of the conflict of interest; realized the conflict could affect the defense; and knew of the right to obtain other counsel."  *Rodriguez*, 982 F.2d at 477.

This Court should hold a hearing to establish whether each of the defendants herein, including the fictitious entities, who are represented by singular counsel, voluntarily relinquishe theri right to independent, conflict-free counsel in light of any conflict of interest that may arise in connection with the joint representation of the multiple defendants.  *See* Fed. R. Crim. P. 44(c)(2); *Cruz v. United States*, No. 05-15568, 188 Fed. Appx. 908, 911 (11th Cir. Jul. 11, 2006) (finding that requirements of *Garcia* were satisfied where defendant represented by co-defendants' attorney was informed of her right to independent counsel, the possibility that her attorney might favor her co-defendants, and the possibility that joint representation might inhibit her ability to communicate freely with counsel).

The government has conferred with counsel for all parties who have advised that they do not oppose this Motion.

    Respectfully submitted,

    ARIANA FAJARDO ORSHAN
    UNITED STATES ATTORNEY

By:   s/ Thomas A. Watts-FitzGerald
    Assistant United States Attorney
    Florida Bar No. 0273538
    99 Northeast 4th Street
    Miami, Florida 33132-2111
    Tel: (305) 961-9413

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 31, 2001, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ Thomas A. Watts-FitzGerald  
Assistant United States Attorney